Defendant-Appellant, Anthony Jones, appeals his conviction by the Lorain County Court of Common Pleas for carrying a concealed weapon. We affirm.
On the evening October 31, 1996, Officer Hetzel See of the Elyria Police Department was patrolling a private apartment complex with three other officers. They had been retained by the development management to police the area for trespassers and illicit drug activity. The driveway of the development was blocked by a gate that could only be opened by residents' use of an access card upon entry or exit. Because of the late hour, the guard booth at the access gate was unattended.
During the course of the evening, Officer See observed Defendant entering a burgundy van. He noted that the van was similar in appearance to a van reported to be operated by a Brian Stevens, who had several warrants for his arrest at that time. As Defendant drove toward the access gate, a second officer ran to intercept him. When the officer arrived, the van was stopped at the gate, unable to exit.
Officer See joined the other officer at the gate. At that time, he observed Defendant's identity and confirmed that Defendant was not Brian Stevens. The officers continued to question Defendant about his presence on the property. Officer See noted that Defendant's speech was slurred and that his answers to the officers' questions did not make sense. He inquired as to whether Defendant had been drinking and asked him to step from the van in order to conduct a series of field sobriety tests. Defendant complied. After he exited the van, Officer See informed him that he needed to perform a pat-down of his clothing to ensure the officers' safety. Officer See then asked Defendant if he was carrying any weapons on his person. Defendant stated that he was not, but that he did have a firearm in the van. Upon further investigation, the officers found a loaded .38 caliber gun in Defendant's van. He was arrested at the scene.
Defendant was indicted on one count of carrying a concealed weapon, a felony of the fourth degree, in violation of R.C.2923.12(A). On February 7, 1997, he moved to suppress the weapon and any statements that he made during the stop. The trial court denied the motion after a hearing. On January 5, 1998, Defendant entered a plea of no contest. The trial court found him guilty of carrying a concealed weapon, sentenced him to a two-year period of community control, and ordered him to pay a $500 fine. Defendant timely appealed. He has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court erred to the prejudice of the Defendant-Appellant in overruling his Motion to Suppress.
In his assignment of error, Defendant has argued that the trial court erred by denying his motion to suppress because he was illegally detained after the initial investigative stop; because he was illegally questioned and searched by the officers; and because the reason for his stop and detention was pretextual.
A police officer may stop a civilian to investigate unusual behavior, even absent probable cause to make an arrest, when the officer reasonably suspects that the civilian is engaged in criminal activity. State v. Andrews (1991), 57 Ohio St.3d 86, 87, citing Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889. This belief cannot be justified by mere intuition, but must instead be grounded in specific, articulable facts and such rational inferences as may be drawn from those facts. Terry v. Ohio
(1968), 392 U.S. 1, 21-22, 20 L.Ed.2d 889, 906-07. The propriety of an investigative stop must be assessed in light of the totality of the surrounding circumstances as viewed through the eyes of the reasonable police officer who must confront those circumstances on the scene. State v. Andrews, 57 Ohio St.3d at 87-88. Our review of a trial court's determination that an investigatory stop was supported by a reasonable and articulable suspicion is de novo.Fairlawn v. Skoblar (1997), 122 Ohio App.3d 464, 466.
In this case, Officer See's attention was drawn to Defendant because his van matched the description of a vehicle driven by an individual with outstanding warrants for his arrest. Officer See testified that when he reached Defendant's van, he was parked at the access gate, unable to exit. The officers had been retained by the development management to patrol for trespassers. Officer See stated that he identified Defendant when he approached the van and was aware that he was not a resident of the development. In light of these circumstances, Officer See's suspicion that Defendant may have been engaged in trespassing was reasonable and was sufficient to justify a stop.
The duration of an investigative stop cannot be longer than needed to effectuate the purpose of the stop. State v. Carlson
(1995), 102 Ohio App.3d 585, 598, citing Florida v. Royer (1983),460 U.S. 491, 500, 75 L.Ed.2d 229, 238. Nonetheless, "circumstances attending an otherwise proper stop may give rise to a reasonable suspicion of some other illegal activity different from the activity which triggered the initial stop." State v.Melchor (1996), 114 Ohio App.3d 534, 538-39. Consequently, a review of the totality of the circumstances surrounding a stop may reveal additional facts, arising after the initial stop, sufficient to support an officer's reasonable, articulable suspicion of separate and additional criminal activity. See id. at 542.
Officer See stated that when he questioned Defendant about his presence on the property, Defendant's speech was slow and, in his judgment, slurred. He also noted that the answers that Defendant gave to his questions did not make sense. Based upon these observations, he suspected that Defendant was under the influence of alcohol. Officer See recalled that he asked Defendant to step out of the van because he could not observe Defendant's eyes due to his elevated position in the driver's seat and the unlit surroundings. From this vantage point, he was also unable to smell Defendant's breath. Officer See stated that his rationale for asking Defendant to leave the van was to observe his demeanor as he did so and to conduct field sobriety tests. These additional observations were sufficient to support Officer See's separate suspicion that Defendant was under the influence of alcohol.
In the course of a constitutionally valid stop, an officer may conduct a limited search of the subject for weapons when, considering the totality of the circumstances, a reasonably prudent person would be justified in believing that his safety was at risk. Terry v. Ohio, 392 U.S. at 392, 20 L.Ed.2d at 909. Officer See testified that he informed Defendant that he needed to conduct a weapons search of his person, and he stated that his rationale in doing so was the late hour and the fact that their location was known for drug activity. Given these circumstances, Officer See's determination that he needed to conduct a weapons search was reasonable.
Similarly, Officer See was justified in asking Defendant prior to the pat-down if he was carrying a weapon. Contrary to Defendant's assertion, an officer may be justified in detaining the subjects of a stop, for a limited time, in order to ask whether they are carrying illegal drugs or weapons. See State v.Robinette (1997), 80 Ohio St.3d 234, 240-41. See, also, State v.Napier (May 27, 1998), Medina App. No. 2671-M, unreported, at 6.
Defendant argued that the evidence resulting from the stop should be suppressed because Officer See's stated reasons for conducting the stop were pretextual. Specifically, he argued that the officer's genuine motivation was the hope that he would be able to catch Defendant with illegal drugs. This court has previously considered a similar question, concluding that:
 [A]ll challenges to the validity of a traffic stop are subject to the same Terry standard of review, regardless of whether the defendant raises allegations of pretext. Under that standard, a law enforcement officer must have a reasonable suspicion, based on specific and articulable facts, that a motorist is or has been engaged in criminal activity before stopping a vehicle. No further inquiry beyond the requirement of reasonable suspicion is necessary or warranted. Thus, if the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop.
State v. Carlson, 102 Ohio App.3d at 593. Similarly, the United States Supreme Court has concluded that an officer's subjective motive does not invalidate behavior that is objectively justified under the Fourth Amendment. See Whren v. United States (1996),517 U.S. 806, ___, 135 L.Ed.2d. 89, 97. Because we have concluded that Officer See was objectively justified in stopping Defendant and in pursuing further inquiry based on his suspicion of Defendant's intoxication, any subjective motives that the officer may have had are irrelevant.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR